UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRAS DOBANE A.K.A. BRIAN L. TAYLOR,

            Plaintiff,

-against-

STATE OF NEW JERSEY; JOHN NAPOLITANO; JUDGE ROBERT H. GARDNER; JUDGE SHEILA A. VENABLE; GLENN A. GRANT; THE NEW JERSEY EQUAL EMPLOYMENT OPPORTUNITY/AFFIRMATIVE ACTION; TONYA N. HOPSON,

            Defendants.

25-CV-6782 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in South Orange, New Jersey, brings this *pro se* action asserting claims arising out of his interactions with the state court system in Essex County, New Jersey. Named as Defendants are the State of New Jersey, New Jersey Superior Court Judges Robert H. Gardner and Sheila A. Venable, "the New Jersey Equal Employment Opportunity/Affirmative Action," and three New Jersey court administrators: Assistant Trial Court Administrator John Napolitano, Chief Judiciary EEO/AA Officer Tonya N. Hopson, and Administrative Director Glenn A. Grant. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.[1]

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

---

[1] Plaintiff previously filed a similar action in this court. *See Dobane v. Napolitano*, No. 25-CV-6733 (LTS) (S.D.N.Y.). By order dated August 19, 2025, the Court transferred that action to the United States District Court for the District of New Jersey. ECF 1:25-CV-6733, 4.

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because Plaintiff does not allege that all defendants reside in the State of New York, venue is not proper in this District under Section 1391(b)(1). Plaintiff alleges that he was discriminated against with respect to court proceedings in Essex County, New Jersey. Because Plaintiff alleges no facts suggesting that any of the events giving rise to his claims occurred in this District,[2] venue is also not proper here under Section 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Essex County, New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

---

[2] This District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The decision on Plaintiff's application for the court to request *pro bono* counsel (ECF 3) is left to the transferee court. The Clerk of Court is directed to terminate the motion at ECF 3.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 25, 2025
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge